UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OLLIE JO EDMONDSON, | § § § | |
| PLAINTIFF, | § § | |
| v. | § § | CIVIL ACTION:1:17-cv-1030 |
| CEDAR PARK HEALTH SYSTEM, L.P. D/B/A CEDAR PARK REGIONAL MEDICAL CENTER, | § § § § § | |
| DEFENDANT. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **OLLIE JO EDMONDSON** ("Ms. Edmondson" or "Plaintiff") complaining of **CEDAR PARK HEALTH SYSTEM, L.P. D/B/A CEDAR PARK REGIONAL MEDICAL CENTER** ("Cedar Park" or "Defendant") and files this PLAINTIFF'S ORIGINAL COMPLAINT and in furtherance thereof would respectfully show unto the Court as follows:

## I.
## PARTIES AND SERVICE

1. Plaintiff Ollie Jo Edmondson is an individual residing in Leander, Travis County, Texas and citizen of the state of Texas.

2. Defendant Cedar Park Health System, L.P. d/b/a Cedar Park Regional Medical Center is a foreign limited partnership doing business in the State of Texas, and may be served with process by serving its registered agent, Corporation Service Company d/b/a Lawyers Incorporating Service, at 211 E. 7th Street, Austin, Texas 78701. Cedar Park's general and/or limited partners are CP Hospital GP, LLC, CPLP, LLC and Triad Holdings V, LLC. Each of Cedar Park's general and/or limited

partners are foreign limited liability companies consisting of members having citizenship in states other than Texas. More specifically, CP Hospital GP, LLC consists of one member, Tennyson Holdings, LLC, a Delaware limited liability company. CPLP, LLC also consists of one member, Tennyson Holdings, LLC, a Delaware limited liability company. Triad Holdings V, LLC, also consists of one member, Tennyson Holdings, LLC, a Delaware limited liability company. Tennyson Holdings, LLC consists of one member, HMA-TRI Holdings, LLC, a Delaware limited liability company. Likewise, HMA-TRI Holdings, LLC consists of one member, CHS/Community Health Systems, Inc., a corporation incorporated in the state of Delaware with its principal place of business in Tennessee.

## II.
## JURISDICTION

3. This Court has jurisdiction over the matter under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds seventy-five thousand dollars ($75,000) and because Plaintiff is a citizen of Texas and Defendant is a citizen of a different state.

## III.
## VENUE

4. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(a)(2) because it is the District in which all or a substantial part of the events or omissions giving rise to the claim occurred and/or where a substantial part of the property at issue is situated.

## IV.
## STATUTORY NOTICE COMPLIANCE/CONDITIONS PRECEDENT

5. Plaintiff gave written notice of this claim to Defendant, along with an executed Authorization Form For Release of Protected Health Information, by certified mail, return receipt requested, on August 21, 2017, sixty (60) days before the filing of this action. Thus, Plaintiff has fully complied with the notice provisions of TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.051 and 74.052. A copy of the notice of claim and authorization form provided to Defendant is attached as Exhibit "A"

and is incorporated by reference.

## V.
## FACTS

6.  This is a medical malpractice action brought by Plaintiff to recover those damages, interest, court costs, and other relief provided by law for Ms. Edmondson's injuries arising from the medical and health care, diagnosis, assessment and treatment of Ms. Edmondson at Cedar Park Regional Medical Center in Williamson County, Texas.

7.  At all times mentioned in this Complaint, Defendant Cedar Park was and still is a licensed and accredited healthcare institution in the State of Texas. Defendant Cedar Park held itself out to Ms. Edmondson and the general public as possessing that degree of knowledge and skill required of a qualified and competent hospital through its employees, nurses, technicians and staff.

8.  On or about September 27, 2016, Ollie Jo Edmondson's life abruptly changed forever. She could not have known that a simple visit to the hospital for a non-life-threatening illness would take such a drastic turn.  On that day, Ms. Edmondson was taken to Cedar Park Regional Medical Center after complaining of what appeared to be flu-like symptoms.  Edmondson was accompanied by her adult son and admitted to the emergency room, where she remained stable, and was ultimately diagnosed with pneumonia, anemia and thrombocytopenia.  A yellow arm band was placed on Ms. Edmondson, labeling her as a fall risk, and a yellow sign was placed on her room door.

9.  During Ms. Edmondson's time in the emergency room, Edmondson appeared in no apparent distress and was reported in stable condition at all times by treating doctors and nurses.

10. Several hours after being in the emergency room, receiving a diagnosis and remaining in a stable condition, Defendant Cedar Park then admitted Edmondson to the hospital for overnight observation and assigned a hospitalist to provide ongoing medical care to Ms. Edmondson.

11. At the time of hospital admission, Dr. Michael K. Jones, a hospitalist, identified herself as Ms. Edmondson's new doctor who would be treating her going forward.  Dr. Jones also informed

both Ms. Edmondson and her son that (1) Edmondson was being admitted to the hospital for overnight observation, (2) Dr. Jones would now be Edmondson's treating physician, and (3) a hospital room would be assigned to Edmondson.

12. After hospital admission and consultation with Dr. Jones, Edmondson was transported for the purpose of performing a radiology examination of her chest. During this time period, Edmondson was left unattended and without adequate protection from a potential fall, despite the fact that she had been previously identified by the hospital as a serious fall risk. Edmondson was ultimately discovered by hospital staff on the ground, bleeding profusely and with a severe head injury.

13. After a significant delay, the hospital staff informed Ms. Edmondson's son of the incident. By the time Edmondson's son was allowed to see his mother, Edmondson was completely covered in a "cocoon" of bandages around her head with blood oozing out of the side. Defendant ultimately admitted that it left her unattended and without adequate fall protection.

14. Due to the severity of her injuries and the need for a higher level of care, Ms. Edmondson was transferred via helicopter to Seton Medical Center in Williamson County, where a head CT scan showed that she suffered a large subdural hemorrhage caused by her fall. Edmondson's condition rapidly deteriorated, and she was forced to undergo an emergency right craniectomy and subdural hematoma evacuation. Ms. Edmondson's medical treatment is ongoing and will be necessary for the rest of her life. She has, among other things, severe speech and cognitive impairment due to her serious and irreversible brain injury, and she requires constant, 24-hour care and supervision.

15. Serious injuries associated with patient falls while being cared for in a healthcare setting are largely preventable, adverse and indicative of a problem in a healthcare setting's safety systems.[1] Patient falls are one of the events that are commonly referred to as "NEVER EVENTS" which are

---

[1] See National Quality Forum "Serious Reportable Events in Healthcare—2011 Update: A Consensus Report", p. 2.

particularly shocking medical errors that should never occur.[2] Texas considers falls like the one Ms. Edmondson suffered to be so serious that it requires healthcare providers to report severe injuries that result from patient falls.[3] Defendant's actions and omissions directly caused Ms. Edmondson's fall, indicating a problem in Cedar Park's safety systems. Sadly, her injuries could have been prevented and the fall should never have occurred.

16. As a result of the incident and the negligence and gross negligence of Defendant Cedar Park, Ms. Edmondson was caused to suffer serious personal injuries for which Defendant should be held responsible. Thusfar, Cedar Park has refused to accept any responsibility for this incident.

## VI.
## MEDICAL NEGLIGENCE OF DEFENDANT CEDAR PARK

17. Plaintiff hereby incorporates all preceding paragraphs and further allege as follows.

18. Healthcare providers must not needlessly endanger their patients. If a healthcare provider needlessly endangers their patient, and as a result the patient is injured, the healthcare provider must be held responsible.

19. In or around 2011, the U.S. Department of Health and Human Services (the "Department") identified and published a list of the "particularly shocking medical errors that should never occur," commonly referred to as "NEVER EVENTS." According to the Department, these events are "unambiguous," "serious (resulting in death or serious injury)," and "preventable." One of the NEVER EVENTS identified by the Department were "<u>patient death or serious injury associated with a fall while being cared for in a hospital setting.</u>" According to the Department, patient falls are one of the most frequent and preventable medical errors in a health care setting.

---

[2] See Patient Safety Primer "Never Events" at Agency for Healthcare Research and Quality website, https://psnet.ahrq.gov/primers/primer/3.
[3] Texas Health and Safety Code, Chapter 98 requires healthcare facilities to report certain preventable adverse events; See Texas Health and Safety Code, Chapter 98.1045.

20. Healthcare providers must always protect vulnerable patients from falls while being cared for in a hospital setting. If a healthcare provider fails to protect their patients from falls while waiting for medical treatment, and as a result the patient is injured, the healthcare provider must be held responsible.

21. When a healthcare provider realizes that a patient is a fall risk, the healthcare provider must adequately monitor the patient and prevent falls. If a healthcare provider fails to adequately monitor or protect a patient from preventable falls, and as a result the patient is injured, the healthcare provider must be held responsible.

22. As described above, Defendant Cedar Park is a healthcare provider and Ms. Edmondson's cause of action is a healthcare liability claim.

23. On the occasion in question in this case, Defendant Cedar Park had a duty under Texas law to exercise ordinary care and was negligent in that it failed to meet the reasonable, prudent and accepted standards of medical care applicable in the course of providing diagnosis, assessment, care, and treatment to and/or for Ms. Edmondson on or about September 27, 2016, at Cedar Park Regional Medical Center.

24. Defendant, by and through its agents and/or employees, was negligent in the conduct described above. Defendant, by and through its agents, and/or employees, breached the duty of ordinary care owed to Ms. Edmondson including, but not limited to, the following particulars:

  a) By failing to properly monitor or supervise Ms. Edmondson;

  b) By failing to take adequate precautions to prevent Ms. Edmondson's fall;

  c) By failing to prevent a vulnerable patient from serious injury associated with a fall while being cared for in a healthcare setting;

  d) By failing to properly assess Ms. Edmondson's condition;

  e) By failing to properly train and supervise any agents, employees, servants, and nursing staff when caring for Ms. Edmondson to prevent and protect her from falls

and injuries;

    f) By failing to provide Ms. Edmondson with a safe environment in which to receive treatment and recover;

    g) By failing to properly and safely transport Ms. Edmondson throughout the hospital;

    h) By failing to ensure that adequate policies and procedures were in place for hiring, training and supervision of the staff at the hospital;

    i) By failing to ensure that the person(s) hired to work at the hospital had sufficient understanding of the safety concerns for the patients and was competent to formulate policies and procedures for patient safety and quality assurance;

    j) By failing to provide proper medical treatment after Ms. Edmondson's fall; and

    k) Any other acts and omissions of negligence that may be uncovered during the discovery of this matter and be shown at the time of trial.

25. Each of these acts and omissions occurring separately or in combination constituted negligence and proximately caused Plaintiff's damages. Ms. Edmondson is entitled to damages by reason of Cedar Park's negligence, which was the sole proximate cause of her injuries.

## VII.
## GROSS NEGLIGENCE

26. Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

27. In or around 2011, the U.S. Department of Health and Human Services (the "Department") identified and published a list of the "particularly shocking medical errors that should never occur," commonly referred to as "NEVER EVENTS." According to the Department, these events are "unambiguous," "serious (resulting in death or serious injury)," and "preventable." One of the NEVER EVENTS identified by the Department were "<u>patient death or serious injury associated with a fall while being cared for in a hospital setting.</u>" According to the Department, patient falls are one of the most frequent and preventable medical errors in a health care setting.

28. Defendant knew or was subjectively aware of the dangers of "patient death or serious injury associated with a fall while being cared for in a hospital setting." The dangers of patient falls in

a hospital setting has been well known in the medical field for many years and is supported by numerous studies. In addition, Edmondson was identified by Defendant as an elderly woman in a confused state – particularly vulnerable to a fall. For this and related reasons, Defendant would have been objectively aware of the risks, propensity and dangers of patient falls in the hospital setting.

29. Defendant knowingly and willfully left Ms. Edmondson unattended, while in an altered mental state in which she was unable to properly care for herself and without any restraints or precautions to prevent a fall, creating an outrageous and extremely dangerous situation in total disregard of the safety of Ms. Edmondson.

30. Defendant knew or should have known that their reckless abandonment of Ms. Edmondson would cause injuries to her. This behavior has resulted in unnecessary injuries to Plaintiff.

31. Any reasonable health care provider would have known, or should have known, of the risks, propensity and dangers of patient falls, including Ms. Edmondson's vulnerability to this danger.

32. The conduct of Defendant was deliberate, conscious, reckless, intentional, and grossly negligent, and such conduct was a proximate and producing cause of the damages claimed herein. Accordingly, Plaintiff seeks and is entitled to recover punitive or exemplary damages in addition to her compensatory damages.

## VIII.
## EXEMPLARY DAMAGES

33. Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

34. The negligence of Defendant described above was of such a character as to make Defendant guilty of gross negligence. As a result of gross negligence by Defendant, Plaintiff seeks exemplary damages in an amount that may be found by the trier of fact.

## IX.
## DAMAGES

35. Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

36. Plaintiff alleges that as a direct and proximate result of the conduct and/or omission on the part of the Defendant, Plaintiff is entitled to recover at least the following legal damages:

1) Reasonable and necessary medical, hospital and pharmaceutical expenses incurred in the past due to the incident;

2) Future reasonable and necessary medical, hospital, and pharmaceutical expenses, which in all probability will be incurred;

3) Loss of earning capacity in the past;

4) Loss of earning capacity in the future;

5) Physical pain and suffering in the past;

6) Physical pain and suffering in the future;

7) Mental anguish in the past;

8) Mental anguish in the future;

9) Loss of physical capacity in the past;

10) Loss of physical capacity in the future;

11) Disfigurement in the past;

12) Disfigurement in the future;

13) Physical impairment in the past;

14) Physical impairment in the future; and

15) Exemplary damages.

37. Based upon the foregoing, the Plaintiff has incurred damages in an amount in excess of the minimum jurisdictional limits of this Court.

# X.
# JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this her Original Complaint.

# XI.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of this Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and, such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**JOHNSON HOBBS SQUIRES, LLP**

/s/ Rod S. Squires
_____

Rod S. Squires
State Bar No. 18979300
Ryan C. Johnson
State Bar No. 24048574
The Roosevelt Tower
400 Austin Avenue, Suite 903
Waco, Texas 76701
(254) 732-2242
(866) 627-3509 (facsimile)
rsquires@jhsfirm.com
rjohnson@jhsfirm.com

AND

**SCOTT DOUGLASS & McCONNICO LLP**
Ryan Squires
State Bar No. 24044951
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300
(512) 495-6399 facsimile
rsquires@scottdoug.com

**ATTORNEYS FOR PLAINTIFF**