**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| OLLIE JO EDMONDSON, | § | |
| Plaintiff, | § | |
| V. | § | 1:17-CV-1030-LY |
| | § | |
| CEDAR PARK HEALTH SYSTEM, L.P., | § | |
| D/B/A CEDAR PARK REGIONAL | § | |
| MEDICAL CENTER, | § | |
| Defendant. | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE:

Before the court are Defendant's Motion to Dismiss (Dkt. #4), Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery (Dkt. #7), and related pleadings.[1] After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

**I.    BACKGROUND**

Plaintiff Ollie Jo Edmondson ("Plaintiff") filed this lawsuit for medical negligence against Defendant Cedar Park Health System, L.P. d/b/a Cedar Park Regional Medical Center ("Defendant"). On September 27, 2016, Plaintiff sought medical treatment from Defendant for "what appeared to be flu-like symptoms." Dkt. #1, ¶8. She alleges that while admitted at Defendant's facility and due to Defendant's negligence she suffered a fall and sustained a serious head injury. *Id.* ¶¶10-12. She was transported to Seton Medical Center in Williamson County,

---

[1] The Motion to Dismiss was referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Fed. R. Civ. P. 72, and Loc. R. W.D. Tex. App. C, Rule 1(d). The Motion for Leave to Conduct Jurisdictional Discovery was referred was referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b), Fed. R. Civ. P. 72; Loc. R. W.D. Tex. App. C, Rule 1(c).

where a CT scan revealed a large subdural hemorrhage. *Id.* ¶14. She underwent an emergency right craniectomy and subdural hematoma evacuation. *Id.* Plaintiff alleges the brain injury she suffered resulted in severe speech and cognitive impairment. *Id.* Further, she alleges that as a result of her injury she now requires 24-hour care and supervision. She will require on-going medical treatment for the rest of her life. *Id.*

Plaintiff filed this suit for medical negligence against Defendant in the Western District of Texas. She urges that this court has jurisdiction over the matter under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and Plaintiff and Defendant are residents of different states. In her complaint, she describes herself as a Texas citizen. *Id.* ¶1. She describes Defendant as a foreign limited partnership doing business in the state of Texas and comprised of three general and limited partners: CP Hospital GP, CPLP, LLC, and Triad Holdings V, LLC. *Id.* ¶2. She alleges each of these partners is comprised of the same, single member of its own: Tennyson Holdings, LLC. Tennyson Holdings, LLC consists of one member, HMA-TRI Holdings, LLC, which consists of one member, CHS/Community Health Systems, Inc. CHS/Community Health Systems, Inc. is a Delaware corporation with its principal place of business in Tennessee. *Id.* Accordingly, she concludes that Defendant is a citizen of states other than Texas for diversity purposes. *Id.*

Defendant filed its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), representing that it is comprised not only of the three partners alleged by Plaintiff but also a fourth partner, Seton Healthcare. Defendant represents that Seton Healthcare is a Texas non-profit corporation. Dkt. # 5 at 4. It offers the affidavit of its CEO, Brad Holland in support of this contention. Dkt. #5 at App. 32. Holland's affidavit states that Seton Healthcare has been a

partner of Defendant since 2006.[2] *Id.* Based on this fact, Defendant argues there is not diversity of citizenship among the parties, because Defendant is also a citizen of Texas for diversity purposes. As a result, Defendant argues this court lacks subject-matter jurisdiction.

## II.    THE MOTION TO DISMISS

### A.  Standard of Review

Federal Rule of Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). "The objection that a federal court lacks subject-matter jurisdiction, *see* FED. R. CIV. P. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. FED. R. CIV. P. 12(h)(3). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

A federal court has jurisdiction over a case in two circumstances. The first, known as federal question jurisdiction, exists if a case "arises under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331; *see Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988). The second circumstance in which a federal court has jurisdiction is frequently termed diversity jurisdiction. *See generally* 28 U.S.C. § 1332 (setting out the elements

---

[2] The affidavit clarifies that until 2009, Seton Healthcare was known by the name Daughters of Charity Health Services of Austin d/b/a Seton Healthcare Network.

required for jurisdiction based on "diversity of citizenship"). "Diversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in controversy exceeds $ 75,000." *White v. FCI USA, Inc*., 319 F.3d 672, 674-675 (5th Cir. 2003). The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

### B.  Analysis

Here, the parties do not dispute Plaintiff's citizenship (Texas) or that the amount in controversy exceeds the $75,000 threshold. The only dispute is as to Defendant's citizenship.

Plaintiff relies on a one-page document titled Texas Franchise Tax Public Information Report for 2016 (the "Report") completed by Defendant in support of her contention that Defendant has only three partners, none of which is a citizen of Texas. The Report directed the filer to list the "Name, title and mailing address of each officer, director, member, general partner, or manager" at Section A. Dkt. #6, Pl. Ex. 1.[3] In response, the Report shows CP Hospital GP, LLC with the title General Partner, and the remaining two response boxes filled by CPLP, LLC as a Limited Partner and Triad Holdings V, LLC as a Limited Partner. *Id.* Further, in her Sur-Reply, she notes that the Report shows only Triad Holdings V, LLC as an entity holding a 10% or more ownership interest in Defendant. Dkt. #12 at 2. Plaintiff concludes that the Report supports the contention that Defendant has only three partners, and thus has only Delaware and Tennessee but not Texas citizenship. Therefore, Plaintiff argues, complete diversity is satisfied.

Defendant responds that the Report is not competent evidence of its citizenship or partnership structure: the Report only required it to list any general partners, not its complete

---

[3] The Report directs the filer to use additional sheets for the relevant partner and ownership information if necessary. Plaintiff submitted the Report (one page) and no other pages. It is not apparent from the document submitted whether additional pages were originally attached.

partnership structure. Dkt. #8 at 2. Thus, Plaintiff's conclusion that the three partners on the Report are Defendant's only three partners is mere speculation. It argues that CEO Brad Holland's affidavit is the competent evidence before the court.

Holland's affidavit states that Seton Healthcare is a fourth partner of Defendant and a Texas non-profit corporation. According to the affidavit, it has been a partner since 2006, when it acquired a 20% ownership interest in the entity. It was a limited partner both at the time of Plaintiff's injury and at the time of the filing of this lawsuit. Dkt. #5 at App. 32.

Defendant did not request leave to respond to the "10% or more ownership" argument raised by Plaintiff's Sur-Reply. Nevertheless, the undersigned notes that the affidavit specifically states that Seton Healthcare had a 20% ownership share in 2006 and states that in 2014 an additional limited partner of Defendant's was admitted. The affidavit does not discuss how, if at all, Seton Healthcare's share changed with the addition of a new limited partner in 2014, but documents that the current structure has been in place since November 30, 2014. Dkt. #5 at App. 32.

"The citizenship of a limited partnership is based upon the citizenship of each of its partners." *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1079 (5th Cir. 2008)(citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). Thus, if one of Defendant's partners is a citizen of Texas, Defendant is also a citizen of (at least) Texas. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)(The "appropriate tests for citizenship" involve "tracing [entities'] citizenships down the various organizational layers where necessary."). In determining whether jurisdiction exists, courts routinely rely on declarations as competent evidence, even where controverted. *See Alphonse v. Arch Bay Holdings, LLC*, 618 F. App'x 765, 768-69 (5th Cir. 2015)(approving the district court's reliance on a declaration from an LLC's non-diverse

member in declining to permit jurisdictional discovery); *see also ETS-Lindgren, Inc. v. MVG, Inc.*, Cause No. A-15-CA-00456-SS, 2015 WL 6756186 (W.D. Tex. Nov. 4, 2015)(declining to permit jurisdictional discovery where the requested discovery "casts too wide and vague a net" and "all but one" of the purported gaps in jurisdictional information were directly controverted by sworn statements)(collecting cases).

The affidavit offered by Defendant's CEO Brad Holland states unequivocally that at the time of Plaintiff's injuries, the time this lawsuit was filed, and at the time his affidavit was sworn, Seton Healthcare was a fourth partner of Cedar Park Health System, L.P., d/b/a/ Cedar Park Regional Medical Center. The undersigned is not persuaded by the potential discrepancies between the affidavit and the Report upon which Plaintiff bases her speculation that Seton Healthcare is not a partner of Defendant. The affidavit directly addresses the question of Defendant's citizenship. Plaintiff has not contested that Seton Healthcare is a Texas citizen. Seton Healthcare is a citizen of Texas for diversity purposes and Seton Healthcare is one of Defendant's four partners in a limited partnership entity. Defendant's citizenship is that of its members, thus, Defendant is also a citizen of Texas for jurisdictional purposes. As a consequence, the parties are not completely diverse and the court lacks subject-matter jurisdiction over this case. The undersigned recommends that the case be dismissed.

**III.    THE MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

By separate motion, but linked with its arguments on Defendant's 12(b)(1) Motion to Dismiss, Plaintiff urges the court to allow limited jurisdictional discovery into Cedar Park Health System's citizenship. Dkt. #7. Plaintiff argues that "without limited jurisdictional discovery concerning the citizenship of Defendant, this issue cannot be resolved." *Id.* at 2. Describing the evidence before the court as contradictory, she argues that where a genuine dispute exists

6

regarding diversity of citizenship "[f]ederal [c]ourts have ordered the parties to conduct limited jurisdictional discovery in order to resolve the issue," citing *Garbin v. Gulf S. Pipeline Co. LP*, No. CIV. A. 01-2659, 2001 WL 1386067, at *1 (E.D. La. Nov. 7, 2001)(allowing jurisdictional discovery where defendants would not provide relevant jurisdictional information to the plaintiff).

Defendant responds that Holland's affidavit is competent jurisdictional evidence and that the Report offered by Plaintiff in support of her jurisdictional claims is not competent evidence. Dkt. #9 at 2. It argues Plaintiff's position is based on mere speculation and that Plaintiff has not met her burden of establishing complete diversity. It requests that Plaintiff's discovery motion be denied because Plaintiff has not identified with particularity the discovery she seeks or articulated how that information would support her jurisdiction arguments. Further, in contrast to the situation in *Garbin*, Defendant is not hiding the ball but has provided the information Plaintiff needs through Holland's affidavit. Plaintiff has not articulated the necessity of further discovery. *Id.* at 5.

Ordering jurisdictional discovery places an unnecessary burden on the parties when the party seeking discovery offers only speculation in support of the request. *NL Industries, Inc. v. OneBeacon Am. Ins. Co.*, 435 F. Supp. 2d 558, 566 (N.D. Tex. 2006). "The court does not believe jurisdictional discovery should be undertaken when the party requesting such discovery can only suggest or speculate that the requested discovery will shed light on the issues pertaining to diversity of citizenship." *Id.* As with all discovery matters, the question whether to permit jurisdictional discovery is committed to the trial court's discretion. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). Here, for the reasons stated above, the undersigned concludes that Defendant has provided to Plaintiff the information necessary to evaluate Defendant's

citizenship. There is not a genuine dispute regarding diversity of citizenship in this case and jurisdictional discovery is not otherwise justified. Accordingly, the Motion is denied.

## IV.    ORDER

For the foregoing reasons, Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery (Dkt. #7) is **DENIED**.

## V.    RECOMMENDATIONS

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's 12(b)(1) Motion to Dismiss (Dkt. # 4) and that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

## VI.    OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED June 8, 2018

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE